

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
XXXXXXXXXXXXXXN
ATTORNEY GENERAL

Honorable George B. Butler, Chairman
Board of Insurance Commissioners
Austin 14, Texas

Dear Sir:          Opinion No. 0-6995
                   Re:  Whether the purpose clause of the
                        Reserve Loan Life Insurance Com-
                        pany of Texas is sufficient to en-
                        able it to write workmen's compen-
                        sation insurance and a related
                        question.

        Your request for an opinion of this department, by
letter dated December 14, 1945, presents the following ques-
tions:

        "In view of letter opinions from your Department
    of March 16, 1938 and December 6, 1938, copies of which
    are attached for your ready reference, we assume that
    a life, health and accident company incorporated un-
    der Chapter 3, Title 78 may, with appropriate purpose
    clause in its chapter, write workmen's compensation
    insurance.  Please confirm or correct me as to this.

        "If you answer to the foregoing is in the affir-
    mative, please advise me whether the following pur-
    pose clause of Reserve Loan Life Insurance Company of
    Texas is sufficient to enable it to write workmen's
    compensation insurance:

        "'The purpose for which this corporation is
    formed is to engage in the business of life, health
    and accident insurance, as authorized by Chapter 3,
    Title 78 of the Revised Civil Statutes of the State
    of Texas. * * * *'"

        Insurance companies incorporated under Chapter 3, Title
78, Revised Civil Statutes, are authorized for the purpose of
forming a life, health, and accident insurance company.  Article
4717, Revised Civil Statutes.  The only expressed limitation
found under Chapter 3, Title 78 limiting the kind of insurance
business to be written by a life, health, and accident insurance
company is contained in Article 4738, adopted from an act of
1909,  which Article provides:

"It shall be unlawful for any life insurance com-
pany, accident insurance company, life and accident,
health and accident, and life, health and accident in-
surance company to take any kind of risks or issue any
policies of insurance, except those of life, accident
or health; nor shall the business of life, accident or
health insurance in this State be in any wise conduct-
ed or transacted by any company which in this or any
other State or country, is engaged or concerned in the
business of marine, fire, or inland insurance."

In 1917, the Thirty-fifth Legislature, Chapter 103, en-
acted the Workmen's Compensation Law, Title 130, Revised Civil
Statutes, providing in part 4, Section 2, (Art. 8309, Section
2, R.C.S.), as follows:

"Any insurance company, which term shall include
mutual and reciprocal companies, lawfully transacting a
liability or accident business in this State shall
have the same right to insure the liability and pay
the compensation provided for in part 1 of this law
and when such company issues a policy conditioned to
pay such compensation, the holder of such policy shall
be regarded as a subscriber so far as applicable un-
der this law, and when such company insures such pay-
ment of compensation it shall be subject to the pro-
visions of parts 1, 2 and 4 and of sections 10, 17, 18a
and 21 of part 3 of this law. Such company may have and
exercise all of the rights and powers conferred by this
law on the association created hereby, but such rights
and powers shall not be exercised by a mutual or re-
ciprocal organization unless such organization has at
least fifty subscribers who have not less than 2,000
employes."

The term "accident business" as used in the foregoing
statute is broad, and it is not believed the Legislature, in
designating a company by its insurance business, used the word
in a limited or qualifying sense, that is, confined to strictly
contracts of indemnity. Nowhere in the statutes do we find
any definition of "liability" insurance or "accident" insur-
ance. Article 4716 specifies the kind and character of ac-
cident insurance business sufficient to denominate a company
an accident insurance company, viz: "doing business under
any charter involving the payment of money or other thing of
value, conditioned upon the injury, disablement or death of
persons resulting from travel or general accidents by land or
water."

It is therefore the opinion of this department that

such companies as the one in question, incorporated under Chapter 3, Title 78, Revised Civil Statutes, lawfully doing an accident insurance business, may, by appropriate amendment to its charter, write workmen's compensation insurance.

As to the purpose clause of the company quoted in your letter and hereinabove set forth, it is our opinion that same is insufficient to authorize such company to write workmen's compensation insurance as provided under Title 130, V.A.C.S.

We have reviewed the documentary copies attached to your request, dated March 16 and December 6, 1938, referred to by you as letter opinions. The former relates solely to a tax question, stating reasons for compromising a tax suit involving a reciprocal exchange. The letter opinion of December 6, 1938, pertains solely to a company operating under the Lloyd's Plan and was written in response to an inquiry as to what kind of insurance is included within the terms "liability insurance", Article 5015, Sudbivision 3, Revised Civil Statutes. These instruments do not relate to or affect the above questions propounded; consequently we find it unnecessary to discuss them.

This opinion is not to be construed as applicable to limited capital stock companies authorized under Article 4752, R.C.S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Wm. J. R. King
Wm. J. R. King
Assistant

WJRK/JCP/wc


APPROVED JAN 25 1946
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman